IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

IESHUH GRIFFIN,

                Plaintiff,

v.

MILWAUKEE ELECTION COMMISSION,
MILWAUKEE ELECTION COMMISSIONERS,
CLAIRE WOODALL-VOGG, CAVALIER JOHNSON,
ROBERT DONOVAN, SHERWIN HUGHES,
JERAMEY JANNENE, AND JANE/JOHN DOES,

                Defendants.

OPINION and ORDER

22-cv-140-jdp

---

    Pro se plaintiff Ieshuh Griffin, a candidate in the Milwaukee mayoral primary election, alleges that various defendants involved in the primary election manipulated the election results to reduce her share of the votes, preventing her from advancing to the special general election that will be held on April 5, 2022. She seeks monetary damages and injunctive relief.

    Griffin has paid the full filing fee for this action, and therefore the complaint does not have to be screened under the in forma pauperis statue, 28 U.S.C. § 1915. Nonetheless, this court has the inherent authority to screen and dismiss the case sua sponte. *See Mallard v. U.S. Dist. Ct.*, 490 U.S. 296, 307–08 (1989) (in forma pauperis statute "authorizes courts to dismiss a 'frivolous or malicious' action, but there is little doubt they would have power to do so even in the absence of this statutory provision."); *Rowe v. Shake*, 196 F.3d 778, 783 (7th Cir. 1999) ("district courts have the power to screen complaints filed by all litigants, prisoners and non-prisoners alike, regardless of fee status.").

    The core of Griffin's complaint is that defendants manipulated the election results and reduced her share of the vote. Griffin says that following the primary election, several media

outlets reported that Griffin had received 99,673 votes or 15.7 percent of the vote. She attaches printouts of those reports, but it's not clear what the sources are. According to those reports, defendant Robert Donovan received 108,730 votes and defendant Cavalier Johnson received 72,502 votes. Because Griffin came in second place, she should have advanced to the special general election. But the final official vote count shows different results. According to the official results, Griffin received only 315 votes. Johnson, who received 25,779 votes, and Donovan, who received 13,742 votes, both advanced to the special general election. Griffin came in seventh and did not advance.

Griffin contends that defendants violated her rights under a thicket of theories. But Griffin's complaint does not state a plausible claim to relief under any constitutional provision or statute, because her allegations are simply beyond mathematical possibility. If Griffin had really received 99,673 votes constituting 15.7 percent of the total, more than 630,000 Milwaukee residents would have had to vote in the primary election. But that is more than Milwaukee's entire population of 577,222 (U.S. Census Bureau QuickFacts: Milwaukee city, Wisconsin, https://www.census.gov/quickfacts/milwaukeecitywisconsin, accessed March 18, 2022). The media reports on which Griffin relies could not possibly have been correct.

Griffin also says that Johnson and Donavan were improperly placed on the ballot. But she fails to show how this harmed her, because she placed seventh in the primary and would not have advanced to the special general election even if Johnson and Donovan had not been on the ballot. Finally, Griffin alleges that her name should have been listed first on the primary ballot but that defendants put her name farther down the list. It's not plausible that Griffin's ballot placement affected her vote enough to affect the result of the primary.

Griffin has also filed this case in the wrong district. She contends that defendants work for "agents" located in Madison, she but alleges no facts that show any connection to Madison or the Western District of Wisconsin. If I were not dismissing this case, I would transfer it to the Eastern District of Wisconsin where it belongs.

The court of appeals has cautioned against dismissing a pro se plaintiff's case without giving the plaintiff a chance to amend. *Felton v. City of Chicago*, 827 F.3d 632, 636 (7th Cir. 2016). But in this case, dismissal with prejudice is appropriate because Griffin has not alleged any facts that suggest a plausible theory that defendants violated her rights or any federal or state law. I will dismiss the case for Griffin's failure to state a claim upon which relief may be granted.

ORDER

IT IS ORDERED that: this case is DISMISSED for plaintiff Ieshuh Griffin's failure to state a claim upon which relief may be granted.

Entered March 18, 2022.

BY THE COURT:

/s/
_____
JAMES D. PETERSON
District Judge